| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>HELLRING LINDEMAN GOLDSTEIN<br>& SIEGAL LLP<br>Patricia A. Staiano, Esq.<br>Attorneys for Benjamin A. Stanziale, Jr.,<br>Chapter 11 Trustee<br>103 Eisenhower Parkway, Suite 403<br>Roseland, New Jersey 07068-1031<br>973.621.9020<br>pstaiano@hlgslaw.com | |
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No 26-17342 (EJO)<br><br>Judge: Eamonn James O'Hagan,<br>U.S.B.J.<br><br>Chapter 11 |
| BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a Josh Lubin, on behalf of SPIN CAPITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON RIVER RANCH, LLC,<br>BRIDGELINK INVESTMENTS, LLC and<br>RED LEAF INVESTMENTS, LLC,<br><br>Defendants. | Adv. Pro. No. |

# COMPLAINT

Plaintiff Benjamin A. Stanziale, Jr., Chapter 11 Trustee (“Plaintiff” or “Trustee”) for Avrumi Lubin, a/k/a Josh Lubin (“Debtor”), on behalf of Spin Capital, LLC (“Spin”) and pursuant to the October 23, 2026 Order of the United States Bankruptcy Court for the District of New Jersey entered in Adv. Pro. No. 26-01494 (EJO), attached hereto as Exhibit A, by way of Complaint against defendants Johnson River Ranch, LLC (“JRR”), Bridgelink Investments, LLC

("Bridgelink Investments") and Red Leaf Investments, LLC ("Red Leaf") (collectively "Defendants") says as follows:

## I. JURISDICTION AND VENUE

1. Debtor filed a Petition under Chapter 11 of the United States Bankruptcy Code on June 25, 2026.

2. The Trustee was appointed as Chapter 11 Trustee by the United States Trustee on September 18, 2026, which appointment was approved by the Court by Order dated September 28, 2026.

3. This adversary proceeding relates to the Chapter 11 case of the Debtor.

4. The United States Bankruptcy Court for the District of New Jersey has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(b)(1) and 1334 because this is an adversary proceeding arising under, or arising in or related to, the Debtor's bankruptcy proceedings under Title 11.

5. This matter is a core proceeding within the meaning of 28 U.S.C. §§157(b)(2)(A), (H) and (O).

6. Venue is properly laid in this District pursuant to 28 U.S.C. §1409.

## II. NATURE OF THE CASE

7. Bridgelink Investments owes Spin more than $8.2 million on a final judgment. Spin served Bridgelink Investments with the underlying lawsuit on Thursday, October 27, 2022. By Friday, the company had deeded its 449-acre ranch on the Brazos River (the "Ranch") to an affiliate owned by the same two brothers, Cole Johnson and Cord Johnson, for ten dollars. One man signed for both buyer and seller. The parties then sat on the deed for almost ten months before recording it. The Texas Uniform Fraudulent Transfer Act ("TUFTA") exists to undo precisely this kind of maneuver. Upon information and belief, there was a subsequent

transfer of the Ranch to Defendant Red Leaf. Spin asks the Court to unwind the conveyance so Spin can levy on the ranch or, alternatively, to enter a money judgment against the ranch's new owner.

## III. PARTIES

8. Plaintiff Trustee brings this suit on behalf of Spin Capital, LLC, a New Jersey limited liability company based at 1460 Arboretum Parkway, Lakewood, New Jersey 08701. Its sole member, Avrumi Lubin (also known as Josh Lubin), is the debtor in *In re Avrumi Lubin*, Case No. 26-17342-EJO (Bankr. D.N.J.), and his membership interest in Spin belongs to his bankruptcy estate. Benjamin A. Stanziale, Jr., Chapter 11 Trustee of that estate, has litigation authority on behalf of Spin in this lawsuit pursuant to the Order entered on October 23, 2026 Granting Preliminary Injunction and Providing for Further Proceedings (the "October 23 Order").

9. Defendant Johnson River Ranch, LLC is a Delaware limited liability company whose principal place of business sits at 1301 Old Tin Top Road, Weatherford, Texas 76087.

10. Defendant Bridgelink Investments, LLC is a Texas limited liability company that has used two addresses: 777 Main Street, Suite 3000, Fort Worth, Texas 76102, and 3610-2 N. Josey Lane, Suite 223, Carrollton, Texas 75007.

11. Defendant Red Leaf Investments, LLC is a Texas limited liability company that has used the address 5900 Balcones Drive, Suite 100, Austin, Texas 78731 and P.O. Box 1142, Weatherford, Texas 76086.

12. Cole and Cord Johnson. Brothers Cole Wayne Johnson and Cord Henry Johnson owned and ran the Defendants. Each now faces an involuntary Chapter 7 petition in the Northern District of Texas (Case Nos. 26-43993 and 26-43995). Out of respect for the automatic

stay, Spin has not sued either brother here, asserts no claim against either bankruptcy estate, and seeks nothing that would offend 11 U.S.C. § 362(a). Spin reserves every right it holds against them.

## IV. FACTS

13. Upon information and belief, Spin bought future receivables from Bridgelink Engineering, LLC under one or more merchant cash advance agreements. Bridgelink Investments and several affiliates were the obligors on those cash advance agreements and defaulted.

14. Spin sued on October 25, 2022 in the Supreme Court of New York, Nassau County, naming Bridgelink Engineering, Bridgelink Investments, Cole Johnson, Cord Johnson, and seventeen affiliates. Index No. 614675/2022 (the "New York Action"). Spin served every defendant, Bridgelink Investments included, on Thursday, October 27, 2022. The defendants answered and counterclaimed on January 11, 2023.

15. In a Decision and Order entered January 25, 2024, the New York court granted Spin summary judgment on its contract and guaranty claims and dismissed the counterclaims. On February 9, 2024, the court entered final judgment holding every defendant, Bridgelink Investments included, jointly and severally liable for $7,290,050.00, plus 9% interest running from September 2, 2022, and costs, for a total of $8,234,160.50 (the "Judgment").

16. In March 2024, Spin domesticated the Judgment in the 164th Judicial District Court of Harris County, Cause No. 2024-18025, under the Uniform Enforcement of Foreign Judgments Act. Tex. Civ. Prac. & Rem. Code ch. 35. The Judgment is final and carries the same force as any Texas judgment.

17. Bridgelink Investments has never paid the Judgment. Spin credits whatever it recovered through its writ of garnishment in Cause No. 2024-18025A. Spin qualifies

as a "creditor," and Bridgelink Investments as a "debtor," under TUFTA. Tex. Bus. & Com. Code §24.002(4), (6). Spin's claim arose no later than September 2, 2022, well before the conveyances described below.

18. Bridgelink Investments bought roughly 449.679 acres bordering the Brazos River in Parker County, Texas under a Warranty Deed with Vendor's Lien dated September 2, 2020 and recorded as Document No. 202028073 (the "Ranch").

19. On March 3, 2021, Bridgelink Investments borrowed against the Ranch and gave Vista Bank a deed of trust, recorded as Document No. 202108124. Both Cole and Cord Johnson signed it as managers.

20. Cole and Cord Johnson owned and controlled Bridgelink Investments and served as its managers.

21. Upon information and belief, the brothers formed JRR in Delaware on February 8, 2022 and the two of them manage it.

22. On October 14, 2022, Cole Johnson, signing as President of Bridgelink Investments, granted Crown Financial Services, LLC a deed of trust on the Ranch. That instrument reached the Parker County records on October 28, 2022 as Document No. 202238872.

23. That same day, October 28, 2022, and one day after Spin served it, Bridgelink Investments conveyed the Ranch to JRR through a Real Estate Transfer Agreement, an Assignment, and a General Warranty Deed (together, the "2022 Conveyance"). The stated price: "Ten and 00/100 dollars ($10.00)." Cole Johnson signed for both sides, once as "Chairman" of the seller and again as "Chairman" of the buyer.

24. The Transfer Agreement goes out of its way to disclaim any benefit to "the creditors of any person." (§ 8.9.) It also routes notices for both sides to the same law firm.

25. Bridgelink Investments received nothing close to reasonably equivalent value. On information and belief, JRR paid no more than the recited ten dollars.

26. No one recorded the 2022 Conveyance for almost ten months. It finally surfaced in the public records on August 15, 2023, as Document No. 202321424. By then, Cadence Bank and Century Bank had sued Bridgelink Engineering and both brothers in federal court (N.D. Tex. Case No. 4:23-cv-00609, filed June 15, 2023), and a Denton County court had placed the brothers in receivership just eight days earlier, on August 7, 2023.

27. Bridgelink Investments later re-deeded the Ranch to JRR twice: first by a corrective deed dated November 3, 2023 and recorded December 5, 2023 (Document No. 202331202), and then by a Correction Warranty Deed dated July 25, 2024 and recorded July 29, 2024 (Document No. 202419409). Spin refers to these deeds, together with the 2022 Conveyance, as the "Bridgelink Transfers."

28. The 2024 deed again recites ten dollars and conveys the Ranch "save and except" 86.328 acres described in Document No. 202240111. This time Cord Johnson signed for both sides, as a member of Bridgelink Investments and as manager of JRR. He did so more than five months after the New York court entered Spin's Judgment and roughly four months after Spin domesticated it in Texas.

29. Upon information and belief, thereafter, on several occasions various parcels of the Ranch were transferred to Red Leaf for no consideration (the "Red Leaf Transfers"), together with the Bridgelink Transfers, the "Transfers".

30. Upon information and belief, the Ranch made up substantially all of Bridgelink Investments' assets, and the 2022 Conveyance left the company insolvent and unable to pay its debts as they came due.

## V. THIS ACTION IS TIMELY

31. The Trustee, on behalf of Spin, brings this action within four years after the October 28, 2022 Conveyance. Tex. Bus. & Com. Code §24.010(a)(1), (2).

32. In any event, the clock started later. TUFTA treats a transfer of real property as "made" only once it is perfected well enough that a good-faith purchaser from the debtor could not acquire a superior interest. *Id.* §24.007(1)(A). Texas law voids an unrecorded conveyance as to a later purchaser for value without notice. Tex. Prop. Code § 13.001(a). The 2022 Conveyance therefore took place, for TUFTA purposes, on its recording date of August 15, 2023, and the two correction deeds date no earlier than their own recording on December 5, 2023 and July 29, 2024.

33. Alternatively, the Trustee, on behalf of Spin, brings Count One within one year after it discovered, or reasonably could have discovered, the Transfers. Tex. Bus. & Com. Code §24.010(a)(1).

## VI. CAUSES OF ACTION

34. The Trustee, on behalf of Spin, pleads each count as to each Transfer individually and as to all Transfers collectively, and in the alternative where necessary. Each Transfer moved an "asset" of Bridgelink Investments within the meaning of TUFTA. Tex. Bus. & Com. Code §24.002(2), (12).

### FIRST COUNT

### Actual Fraudulent Transfer (Tex. Bus. & Com. Code §24.005(a)(1))

35. The Trustee, on behalf of Spin, incorporates the paragraphs above.

36. Bridgelink Investments, JRR and Red Leaf made the Transfers with actual intent to hinder, delay, or defraud its creditors, Spin among them.

(a) **Insider transfer.** JRR belonged to, and answered to, the same two men who ran Bridgelink Investments. §24.005(b)(1).

(b) **Retained control.** The Johnsons controlled the Ranch before and after the Transfers, signed for both sides, and still draw a salary and perks from JRR. §24.005(b)(2).

(c) **Concealment.** The parties kept the 2022 Conveyance off the public record until August 15, 2023, after other creditors had sued and a receiver had taken charge of the brothers' property. §24.005(b)(3).

(d) **Pending suit.** Spin sued Bridgelink Investments on October 25, 2022 and served it on October 27. The Ranch changed hands the next day. §24.005(b)(4).

(e) **Substantially all assets.** On information and belief, the Ranch represented substantially all of Bridgelink Investments' assets. §24.005(b)(5).

(f) **No reasonably equivalent value.** A 449.679-acre river ranch was sold for ten dollars. §24.005(b)(8).

(g) **Insolvency.** Bridgelink Investments was insolvent, or became insolvent shortly after the Transfers. §24.005(b)(9).

(h) **Timing.** The 2022 Conveyance came weeks after Bridgelink Investments defaulted on a multimillion-dollar obligation to Spin. §24.005(b)(10).

37. The Trustee, on behalf of Spin, may therefore avoid the Transfers under §24.005(a)(1).

**SECOND COUNT**

**Constructive Fraudulent Transfer (Tex. Bus. & Com. Code §24.005(a)(2))**

38. The Trustee, on behalf of Spin, incorporates the paragraphs above.

39. Bridgelink Investments received no reasonably equivalent value for the Transfers. When it made them, it either (a) was engaged, or about to engage, in a business or transaction for which its remaining assets were unreasonably small, or (b) intended to incur, or believed or reasonably should have believed it would incur, debts beyond its ability to pay as they came due. Spin may avoid the Transfers under §24.005(a)(2).

## THIRD COUNT

### Constructive Fraudulent Transfer as to a Present Creditor (Tex. Bus. & Com. Code §24.006(a))

40. The Trustee, on behalf of Spin, incorporates the paragraphs above.

41. Spin's claim existed before the Transfers. Bridgelink Investments received no reasonably equivalent value for them and either was insolvent when it made them or became insolvent as a result. The Trustee, on behalf of Spin, may avoid the Transfers under §24.006(a).

## VII. RELIEF REQUESTED

42. The Trustee, on behalf of Spin, asks the Court to avoid the Transfers to the extent necessary to satisfy its claim. Tex. Bus. & Com. Code §24.008(a)(1).

43. To be determined that the Transfers are fraudulent under Tex. Bus. & Com. Code §§24.005(a)(1), 24.005(a)(2), and 24.006(a).

44. To be determined that there is no good faith defense, as Tex. Bus. & Com. Code §24.009(a) shields only a transferee that took in good faith and for reasonably equivalent value.

45. Confirm that because this suit involves title to, and the establishment of an interest in, real property, the Trustee may properly record a notice of lis pendens with the Parker County Clerk.

46. Award the Trustee costs and reasonable attorneys fees as well as all appropriate pre and post judgment interest.

47. Grant the Trustee whatever further relief the Court may deem equitable and just.

## VIII. RESERVATION OF RIGHTS

48. The Trustee, on behalf of Spin, reserves the right to amend this Complaint, including to add claims against any later transferee of the Ranch or any part of it, such as the 86.328 acres described in Document No. 202240111, under §24.009(b)(2), and claims arising from other transfers that discovery uncovers.

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
Attorneys for Plaintiff, Benjamin A. Stanziale, Jr., Chapter 11 Trustee for Avrumi Lubin, a/k/a Josh Lubin, on behalf of Spin Capital, LLC

By: /s/ Patricia A. Staiano
PATRICIA A. STAIANO
A Member of the Firm

Dated: October 27, 2026